UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

DARRELL ROGERS,

                      Plaintiff,

  v.                                            Case No. 25-cv-167-pp

RANDALL HEPP, *et al.*,

                      Defendants.

---

**ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION (DKT. NO. 11)**

---

      Plaintiff Darrell Rogers, who is incarcerated at Racine Correctional Institution and is representing himself, filed a complaint under 42 U.S.C. §1983. The court screened the complaint under 28 U.S.C. §1915A and dismissed it without prejudice for failure to state a federal claim and lack of subject-matter jurisdiction over any state law claim. Dkt. No. 8. The plaintiff has filed a motion for reconsideration under Federal Rule of Civil Procedure 59(e), arguing that the court erred in dismissing the case without giving him leave to file an amended complaint. Dkt. No. 11.

**I.    Standard of Review**

      "Rule 59(e) allows a court to alter or amend a judgment only if the petitioner can demonstrate a manifest error of law or present newly discovered evidence." Obriecht v. Raemisch, 517 F.3d 489, 494 (7th Cir. 2008) (citing Sigsworth v. City of Aurora, 487 F.3d 506, 511-12 (7th Cir. 2007)). Whether to

1

grant a motion to amend judgment "is entrusted to the sound judgment of the district court." In re Prince, 85 F.3d 314, 324 (7th Cir. 1996).

The plaintiff's motion does not present any newly discovered evidence. This means that, under Rule 59(e), he is entitled to relief only if he can demonstrate that the court's rulings constituted a manifest error of law. A "manifest error of law" "is not demonstrated by the disappointment of the losing party. It is the 'wholesale disregard, misapplication, or failure to recognize controlling precedent.'" Oto v. Metro. Life Ins. Co., 224 F.2d 601, 606 (7th Cir. 2000) (quoting Sedrak v. Callahan, 987 F. Supp. 1063, 1069 (N.D. Ill. 1997)).

## II. Discussion

The plaintiff filed a detailed complaint alleging that he was not permitted to attend scheduled law library time because his law library pass was in the bakery, where he was scheduled to work. Dkt. No. 1. At screening, the court determined that the plaintiff did not state retaliation claims against the defendants based on his complaint allegations:

> To establish a *prima facie* case of retaliation in violation of the First Amendment, a plaintiff must show that "(1) he engaged in activity protected by the First Amendment; (2) he suffered a deprivation that would likely deter First Amendment activity in the future; and (3) the First Amendment activity was 'at least a motivating factor' in the Defendants' decision to take the retaliatory action." Whitfield v. Spiller, 76 F.4th 698, 707-08 (7th Cir. 2023) (quoting Bridges v. Gilbert, 557 F.3d 541, 546 (7th Cir. 2009)).
>
> The plaintiff's allegations do not state a plausible claim for retaliation against Davis or Passig. The plaintiff alleges that Davis created "an unsanctioned rule" that required incarcerated individuals who had a pass to go to the law library, church, etc., to not report to work in the foodservice department because Davis

2

"didn't want anyone to go on pass if they were at work." Dkt. No. 1 at ¶5. The plaintiff states that he had a law library pass on February 3, 2022, a day that he also was scheduled to work in the bakery. He had to stay in his cell instead of reporting to work, although his pass was in the bakery. Officer Passig, who worked in foodservice, initially told Sergeant Williams that the plaintiff's law library pass had been canceled but Sergeant Reynolds later called the library and learned that it had not been canceled. The plaintiff made it to the library thirty minutes late.

The plaintiff does not allege that Davis targeted him with the "unsanctioned rule" about incarcerated individuals not working in foodservice on days that they had passes. Rather, Davis's alleged motivation for the rule was that she did not want incarcerated individuals to go on a pass when they were at work. Regarding Passig, the plaintiff alleges only that Passig lied and said that the plaintiff's law library pass had been canceled. But the plaintiff does not allege that Passig lied because the plaintiff engaged in First Amendment protected activity. The plaintiff has not alleged that he even spoke to Passig. And after Passig incorrectly told Williams that the plaintiff's pass had been canceled, Reynolds called the library and learned that it had not been canceled, and the plaintiff went to the law library. The plaintiff's allegations do not state a *prima facie* retaliation claim against Davis and Passig.

The plaintiff alleges that Moon misconstrued and failed to process the first inmate complaint the plaintiff submitted, that Wilson and Hepp improperly rejected complaint WCI-2022-3593 that the plaintiff submitted about Moon's conduct and that Moon and Hepp improperly rejected WCI-2022-4566, the complaint the plaintiff submitted about Moon, Wilson and Hepp's conduct. He says that the way these defendants processed the grievances amounted to retaliation because he filed grievances. But the jobs of these defendants were to process the plaintiff's grievances. The plaintiff did not agree with how they processed his grievances, but that disagreement does not amount to a constitutional violation. The plaintiff's allegations that Moon, Wilson and Hepp improperly processed his inmate complaints do not implicate his constitutional rights. See Owens v. Hinsley, 635 F.3d 950 (7th Cir. 2011) (alleged mishandling of incarcerated individual's grievances by persons who otherwise did not cause or participate in the underlying conduct did not state claim under First Amendment or Due Process Clause); George v. Smith, 507 F.3d 605, 609-10 (7th Cir. 2007) ("Ruling against a prisoner on an administrative complaint does not cause or contribute to the violation. A guard who stands and watches while another guard beats a prisoner violates the Constitution; a guard

3

> who rejects an administrative complaint about a complete act of misconduct does not."); Antonelli v. Sheahan, 81 F.3d 1422, 1432 (7th Cir. 1996) (A state's grievance procedures do not give rise to a liberty interest protected by the due process clause.).

Dkt. No. 8 at 7-9.

The court acknowledged that while the usual practice is to give a plaintiff an opportunity to amend the complaint, it need not do so where the amendment would be futile. See Zimmerman v. Bornick, 25 F.4th 491, 494 (7th Cir. 2022). Because the plaintiff's complaint was thorough in its allegations of the facts surrounding his claim, the court determined that it would be futile to allow him to amend and that it must dismiss the complaint. Dkt. No. 8 at 9. The court dismissed the case without prejudice because the plaintiff had advanced state law claims and the court did not have subject matter jurisdiction over those claims. Id.

In his motion for reconsideration, the plaintiff contends that the court's determination that it would be futile to allow him to amend the complaint was insufficient to support its decision to not give him that opportunity. Dkt. No. 11 at 2. He states that his complaint did not fall within any of the exceptions that allow courts to dismiss a case without giving leave to amend, such as the exception that applies when the proposed amendment would untimely, or when the plaintiff already has had multiple chances to cure deficiencies or when amendment would cause substantial delay and prejudice. Id. But the court determined that given the thoroughness of the allegations in the plaintiff's complaint, it would be futile to let him amend. The Seventh Circuit has instructed that a district court should give a plaintiff representing himself an

4

opportunity to amend his complaint *unless* it is "certain that amendment would be futile or otherwise unwarranted." Zimmerman, 25 F.4th at 493-94.

The plaintiff has not challenged the court's determination that the complaint does not state a claim for violation of his rights under federal law or that it would be futile to let him amend. He simply contends that the court erred by not letting him amend. The plaintiff's allegations show that he does not state a federal claim and that it would be futile to allow him to amend his complaint. And the court dismissed the case *without prejudice*, which means that the plaintiff may sue in state court, alleging any state law claims he believes he has. The plaintiff has not shown that the court erred in dismissing his case without giving him leave to amend. The court will deny the plaintiff's motion for reconsideration.

### III. Conclusion

The court **DENIES** the plaintiff's motion for reconsideration. Dkt. No. 11.

Dated in Milwaukee, Wisconsin this 18th day of December, 2025.

BY THE COURT:

_____
**HON. PAMELA PEPPER**
**Chief United States District Judge**